United States District Court
Southern District of Texas
FILED

OCT 03 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MARCOS ANTONIO VALDEZ-FRAGOSO** | § § § § | Civil Case No. |
| v. | | **B-02-192** |
| **E.M. TROMINSKI, INS DISTRICT DIRECTOR, and JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES.** | § § § § § | |

## PETITION FOR WRIT OF HABEAS CORPUS, AND COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

NOW COMES Petitioner, MARCOS ANTONIO VALDEZ-FRAGOSO (VALDEZ), on his own behalf and files this Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief, and for cause would respectfully show onto the Court as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein is laid under 28 U.S.C. §§ 2241 (habeas corpus); 1331 (federal question) and 1346(a)(2) (actions against Officers of the United States); and pursuant to 28 U.S.C. § 2201 et seq, (Declaratory Judgment Act), and ancillary and/or pendent jurisdiction under 8 U.S.C. § 1503 (denial of rights and privileges as a national).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, VALDEZ currently resides in Brownsville, Texas, within the jurisdiction of this Court.

1

## II. THE PARTIES

3. Petitioner, MARCOS ANTONIO VALDEZ-FRAGOSO is a thirty-two year old, married, native and citizen of Mexico, and lawful permanent resident of the United States. However, VALDEZ has a colorful claim to citizenship of the U.S. by virtue of his mother, who was born in the U.S., and – as will be established – has the prerequisite physical presence in the U.S. to transmit citizenship to her son.

4. Respondent E. M. Trominski is the District Director of the Harlingen, Texas, office of the Immigration and Naturalization Service. He is sued in his official capacity only.

5. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

## III.   THE FACTS

6. VALDEZ was admitted to the United States as a lawful permanent resident when he was nine years old, on or about September 13, 1979.

7. On or about April 8, 1996, VALDEZ was convicted in Kleeberg County, Texas, of (simple) possession of marijuana, and was granted ten years probation.

8. On June 10, 1996, VALDEZ was convicted in Cameron County, Texas of unlawful carrying of a weapon – a misdemeanor and was sentence to pay a fine of $300.00

9. On or about August 26, 1997 an Immigration & Naturalization form I-862, "Notice to Appear" was issued alleging, in essence, the foregoing facts and charging that based thereon the VALDEZ was subject to removal from the United States.

10.   VALDEZ appeared at all immigration hearings with the assistance of the undersigned counsel. Evidence was presented to show that (1) the mother of VALDEZ was a citizen by birth in the U.S., and (2) she had the requisite 10-plus years of physical presence, prior to the birth of VALDEZ.[1] These are the requirements to obtain citizenship by derivation as a right (when VALDEZ was born). The immigration judge, however, found that said mother's testimony as to physical presence was too vague to be credible. It is important to point out that the evidence and testimony, which included the mother and other witnesses, was <u>undisputed</u>.

11.   The immigration judge then ordered VALDEZ removed from the U.S. to Mexico, without even considering that he was eligible for other type of relief from removal.[2] At the time of his guilty plea, his offense was not considered to be an aggravated felony for immigration purposes and, had he been placed under removal proceedings at that time, he would have been eligible to apply for cancellation of removal.[3]

---

[1] See 8 USC § 1401, et seq.

[2] Notably, Mr. Valdez is clearly eligible to apply for relief under former §212(c) of the Act, pursuant to *INS v. St. Cyr*, 121 S.Ct. 2271 (2001).

[3] In his case in chief, Mr. Valdez will argue that it is a violation of Due Process to retroactively characterize his offense as an aggravated felony, such that he becomes subject to deportation, with no opportunity to seek relief. See, e.g., *BMW of America v. Gore*, 517 U.S. 559,574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22

> FN22. See *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia*, 378

U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Mr. Torres, there can be not question but that deportation is a "civil *penalt[y]*" imposed as a result of his criminal "conviction." It therefore violates Due Process because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra.* And, as in *BNW of North America v. Gore, supra,* it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose."

12. This matter was appealed to the Board of Immigration Appeals, which affirmed, without opinion, the decision of the immigration judge below. However, because the BIA lacks jurisdiction over the constitutional claims, VALDEZ' administrative remedies are therefore inadequate.[4]

## V. THE CAUSES OF ACTION

### 1. HABEAS CORPUS

VALDEZ asserts that the forgoing proceedings were in violation of the laws and Constitution of the United States, as well as international law and treaty obligations with the Republic of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

VALDEZ therefore requests that this habeas petition be granted, and that preliminary and permanent injunctions issue, requiring that Respondents refrain from further processing respondent from removal until this matter is fully adjudicated.

### 2. DECLARATORY JUDGMENT

VALDEZ seeks a Declaratory Judgment, declaring that (1) he is entitled to apply for a 212(c) waiver of deportation as provided by *St. Cyr, supra*, and further declaring that (2) he is a citizen of the United States by acquisition and/or derivation as a matter of right, under the applicable ancillary and/or pendent jurisdiction laws.

### 3. INJUNCTIVE RELIEF

VALDEZ further seeks preliminary and permanent injunctions, restraining and

---

[4] *See, Goonsuwan v. Ashcroft*, 252 F.3d 383,389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'").

5

enjoining Respondents from continuing removal proceeding until this matter is fully adjudicated as set forth herein.

### 4. OTHER AND FURTHER RELIEF

Finally, VALDEZs seek such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

Respectfully submitted,

*Law Offices of Alberto Pullen*
*IBC Bank, Suite 205*
*1623 Central Boulevard*
*Brownsville, Texas 78520*

*(956) 546-3627*
*(956) 546-3626 Fax*

By: _____
Alberto Pullen
*State Bar No. 24004440*
*Fed. Id. No. 16971*
*Attorney for Petitioner,*
*MARCOS ANTONIO VALDEZ-FRAGOSO*

### VERIFICATION

I hereby certify that I am familiar with the removal cases of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
Alberto Pullen

### CERTIFICATE OF SERVICE

I hereby certify that on __10-3-02__ a copy of the foregoing was personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy St., Harlingen, Texas.

_____
Alberto Pullen

6